```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CATHERINE WEINSTOCK,

    Plaintiff,

 v.                                  Case No. 8:19-cv-2979-T-33AEP

JASEN LADAIR HARVEY and
CATHARINE M. HARVEY,

    Defendants.
_____/

**ORDER**

This matter is before the Court upon consideration of Plaintiff Catherine Weinstock's renewed motion for default judgment (Doc. # 50), filed on October 9, 2020. In her motion, Weinstock requests $93,435.30 in compensatory damages and treble that amount in punitive damages, for a total amount of $373,741.20, (Id. at 9).

The Court previously referred the motion to the Honorable Anthony Porcelli, United States Magistrate Judge, for a report and recommendation. (Doc. # 51). Judge Porcelli recommended (1) granting the motion as to Count I, the fraud claim, and entering a judgment against the Harveys in the amount of $93,435.30 in compensatory damages, (2) denying the motion as to Count II, the negligence claim, since Weinstock specifically pled Count II in the alternative, and (3) denying

the request for punitive damages. (Doc. # 52).

Regarding the denial of punitive damages, Judge Porcelli stated:

> Although the allegations in Weinstock's Amended Complaint may be sufficient to form a basis for entitlement to punitive damages, this Court is unable to award punitive damages at this time.
>
> A default admits a plaintiff's entitlement to liquidated damages under a well-pled cause of action, but not to unliquidated damages absent proper notice and a trial on damages. "Further, a judgment rendered without a trial on unliquidated damages is void as to any unliquidated damages but valid as to any liquidated damages." Punitive damages are unliquidated in nature. As such, without a trial entry of a default judgement awarding punitive damages would be void. Therefore, the undersigned finds it appropriate to recommend only an award of compensatory damages to Weinstock at this stage of the proceedings.

(Id. at 12) (internal citations omitted).

The Court accepted and adopted the report on December 1, 2020. (Doc. # 53). The Court granted the motion for default judgment as to Count I, directing the Clerk to enter judgment in favor of Weinstock and against the Harveys for compensatory damages in the amount of $93,435.30. (Id.). The Court denied the request for punitive damages, denied the motion for default judgment as to Count II, dismissed Count II without prejudice, and closed the case. (Id.).

Weinstock subsequently moved to reopen the case to pursue punitive damages. (Doc. # 55). The Court granted the motion and set the matter for an evidentiary hearing on January 21, 2021, in order to determine whether punitive damages were warranted. (Doc. # 56).

Under Florida law, punitive damages may be awarded when a defendant engages in fraudulent conduct. See W.R. Grace & Co. v. Waters, 638 So. 2d 502, 503 (Fla. 1994) (noting that punitive damages may be awarded "when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others"). To recover punitive damages, a plaintiff must show through clear and convincing evidence that the defendant engaged in intentional misconduct or gross negligence. Fla. Stat. § 768.72(2); Goodin v. Bank of Am., N.A., 114 F. Supp. 3d 1197, 1214-15 (M.D. Fla. 2015).

At the January 21, 2021, hearing, the Court received evidence in the form of exhibits and testimony from Weinstock. Specifically, Weinstock cited the United States government's complaint from the related case United States v. Harvey, No. 8:20-cv-60-T-02AAS. (Doc. # 61 at 14). In that case, the government accused the Harveys of perpetrating a "brazen

3

scheme" intended to deprive the government of millions of dollars. (Id. at 18). The government characterized the Harveys' tax return tactics as "absurd on their face," "nonsensical," "outlandish," and "facially implausible." (Id. at 20, 22). Indeed, according to the government, the Harveys were promoting arguments that have been explicitly debunked by the Internal Revenue Service (IRS) and Federal Bureau of Investigation (FBI). (Id. at 17). Most importantly, the government's complaint alleged that the IRS conducted an interview with Jasen Harvey in June 2017 and informed him that his tactics were fraudulent. (Id. at 23). The Harveys filed Weinstock's returns several months after this interview, in September 2017. (Doc. # 50 at 3).

The Court in United States v. Harvey entered a preliminary injunction on February 18, 2020, enjoining the Harveys from filing tax returns for any entity other than themselves. (Doc. # 62 at 1). In its order granting the preliminary injunction, the Court found that the United States "presented compelling evidence that [the Harveys] have a history of preparing and filing returns with fraudulent refund claims. [The Harveys'] positions . . . are fraudulent on their face and violate numerous statutes." (Id. at 2).

Based on this evidence, and for the reasons explained in

4

detail at the evidentiary hearing, the Court finds that Weinstock has shown through clear and convincing evidence that the Harveys intentionally engaged in fraud, or at least acted with gross negligence. Weinstock has thus shown she is entitled to punitive damages in the amount of three times the amount of her compensatory damages. See Energy Source, Inc. v. Gleeko Properties, LLC, No. 10-21162-CIV, 2012 WL 13008451, at *5 (S.D. Fla. Dec. 12, 2012), report and recommendation adopted, No. 10-21162-CIV, 2013 WL 12244329 (S.D. Fla. Jan. 4, 2013) (finding a three-to-one punitive to compensatory damage ratio warranted where the defendants engaged in fraud, and awarding $1,317,600 in punitive damages). This ratio is not excessive and comports with notions of due process. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 410 (2003) (noting that "single-digit multipliers are more likely to comport with due process, while still achieving the State's deterrence and retribution goals").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Clerk is directed to enter an amended judgment in favor of Catherine Weinstock and against Jasen Ladair Harvey and Catharine M. Harvey as to Count I for

5

$93,435.30 in compensatory damages and $280,305.90 in punitive damages, for a total of $373,741.20.

(2) Thereafter the Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of January, 2021.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE